IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES GILKESON,<br><br>      Petitioner,<br><br>  vs.<br><br>RAYMOND KOSKOWSKI,<br>Superintendent, Green Haven Correctional<br>Facility,<br><br>      Respondent. | No. 9:10-cv-00558-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 63] |

  This Court entered judgment denying James Gilkeson's Petition for a Writ of Habeas Corpus on April 21, 2010.[1] At Docket No. 63, Gilkeson, a state prisoner appearing *pro se*, filed a Motion for Relief From Judgment.[2] In his motion, Gilkeson requests this Court: (1) reopen this case and grant a mandatory evidentiary hearing; and (2) grant de novo review for the first, fourth, and fifth grounds raised in his Petition.

  In addition to unsuccessfully appealing from the judgment,[3] this is Gilkeson's second motion for post-conviction relief. On May 3, 2011, Gilkeson filed a Motion for Reconsideration under Federal Rule of Civil Procedure 60,[4] which this Court, treating it as a timely motion to

---

  [1] Docket No. 46.

  [2] Fed. R. Civ. P. 60.

  [3] The Court of Appeals for the Second Circuit denied Gilkeson's motion for a certificate of appealability on October 28, 2011 in an unreported decision, Docket No. 62, and the Supreme Court denied certiorari, *Gilkeson v. Lee*, No. 11-9058, 2012 WL 692969 (U.S. Apr. 30, 2012).

  [4] Docket No. 51.

alter or amend the judgment under Federal Rule of Civil Procedure 59, denied on June 7, 2011.[5] Gilkeson did not appeal from that Order.

In his current motion Gilkeson seeks relief under Rule 60(b)(6), which authorizes this Court to relieve him from a judgment for "any other reason that justifies relief."[6]  In his motion, Gilkeson challenges the "integrity of the first habeas corpus proceeding" and requests this Court reopen this case.  Gilkeson points to three errors that he alleges undermined the integrity of the proceedings:  (1) refusal to reach the merits of his first ground for relief (sufficiency of the evidence) by falsely claiming that the state appellate court decision rests on state law alone; (2) refusal of this Court to consider Gilkeson's affidavit filed in the state-appellate court as being of equal weight to the victim's testimony; and (3) failure to grant Gilkeson a mandatory evidentiary hearing to resolve the factual dispute between the victim's testimony at trial and Gilkeson's post-trial affidavit, which Gilkeson contends would establish his actual innocence.

First, Rule 60(b)(6) may not be used as a substitute for appeal.[7]  Each of the issues Gilkeson attempts to raise in his current motion are clearly of record and could have been raised on appeal.  In his Notice of Appeal Gilkeson appealed from every portion of this Court's decision.[8]

---

[5] Docket No. 57.

[6] Because there is no time limitation other than "within a reasonable time" for a motion brought under Rule 60(b)(6), Gilkseon's argument *vis-a-vis* timeliness is unnecessary and moot.

[7] *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009); *Matarese v. LeFevre*, 801 F.2d 98, 106-07 (2d Cir. 1986).

[8] Docket No. 47 at 3.

Second, Gilkeson is not entitled to an evidentiary hearing. The Supreme Court made clear in *Pinholster* that "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."[9] "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."[10] "If the state-court decision 'identifies the correct governing legal principle' in effect at the time, a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case.'"[11] As the Supreme Court noted, "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court."[12] Although under *Pinholster* an evidentiary hearing in a federal habeas proceeding is not absolutely precluded, *Pinholster* also made clear that the discretion to grant a request for an evidentiary hearing is cabined by § 2254(e)(2),[13] which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>     (A) the claim relies on—

---

[9] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011); *see Townsend v. Sain*, 372 U.S. 293, 312-13, 319 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *superceded in part by statute*, 28 U.S.C. 2254(e)(2) (1996).

[10] *Williams v. Taylor*, 529 U.S. 420, 437 (2000) (quoted with approval in *Pinholster*, 131 S. Ct. at 1401); *see Harrington v. Richter*, 131 S. Ct. 770, 787 (noting that the basic structure of federal habeas jurisdiction is designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions); *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977) ("[T]he state trial on the merits [should be] the 'main event,' so to speak, rather than a 'tryout on the road' for what will later be the determinative federal habeas hearing.").

[11] *Pinholster*, 131 S.Ct. at 1399 (quoting *Williams*, 529 U.S. at 405).

[12] *Id.*

[13] *Id.* at 1400-01.

>    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Gilkeson's request in this case does not meet that standard. Nor, based upon the record before this Court, can it be said that the state courts precluded him from developing the factual basis for his claim.[14]

Distilled to its essence, Gilkeson simply requests this Court to weigh the testimony in his affidavit, which was not presented to the jury, against the testimony of the victim, which was presented to the jury. Gilkeson misperceives the role of a federal court in a habeas proceeding challenging a state-court conviction. This Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses. As articulated by the Supreme Court in *Jackson*, the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[15] In making this determination, this Court may not usurp the role of the finder of fact by considering how it would have resolved any conflicts in the evidence, made the inferences, or considered the evidence at trial.[16] Under *Jackson*, the role of this Court is simply to determine whether there is any evidence, if accepted

---

[14] *See Pinholster*, 131 S. Ct. at 1417 n.5 (Sotomayer, J., dissenting) (assuming that the majority did not intend to preclude an evidentiary hearing when the petitioner's ability to develop the facts was the fault of the state court itself).

[15] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original); *see McDaniel v. Brown*, 130 S. Ct. 665, 673 (2010) (reaffirming this standard).

[16] *Jackson*, 443 U.S. at 318-19.

as credible by the jury, sufficient to sustain conviction.[17] Evidence presented to the jury, which did not include the "testimony" of Gilkeson as set forth in his affidavit that Gilkeson submitted for the first time to this Court, was clearly sufficient to support Gilkeson's conviction.

To the extent that Gilkeson attempts to sidestep the obstacles by asserting he is innocent, while a federal habeas petitioner may assert a claim of actual innocence to overcome a procedural bar to review,[18] a situation not present in this case, the Supreme Court has never held that a freestanding claim of innocence is cognizable in a § 2254 petition filed by a non-capital defendant.[19] *House* declined to answer the question left open in *Herrera*, noting that because "[p]etitioner has failed to make a persuasive showing of actual innocence . . . the Court has no reason to pass on, and appropriately reserves, the question whether federal courts may entertain convincing claims of actual innocence."[20] Nor, for that matter, has the Second Circuit. Assuming, but not deciding, that a freestanding actual innocence claim is cognizable in a § 2254 proceeding, it is necessary to apply the appropriate standard to the evidence.

In the context of overcoming a procedural default, a federal habeas petitioner must demonstrate that the constitutional violations he alleges "ha[ve] probably resulted in the conviction of one who is actually innocent," such that a federal court's refusal to hear the defaulted claims would be a "miscarriage of justice."[21] It is important to note that, in this

---

[17] *See Schlup v. Delo*, 513 U.S. 298, 340 (1995).

[18] *Schlup,* 513 U.S. at 326-27; *Herrera v. Collins*, 506 U.S. 390, 400 (1993).

[19] *See House v. Bell*, 547 U.S. 518, 554-55 (2006); *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71-72 (2009).

[20] *Herrera*, 506 U.S. at 427 (O'Connor, J., concurring).

[21] *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995) (internal quotation marks omitted).

context, "'actual innocence' means factual innocence, not mere legal insufficiency."[22] To make the requisite showing of actual innocence, Gilkeson must produce "new *reliable* evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[23] New evidence is relevant evidence that was either excluded or unavailable at trial.[24] The evidence Gilkeson now attempts to have this Court consider was neither excluded nor unavailable at trial.

**IT IS THEREFORE ORDERED THAT** the Motion for Relief From Judgment at **Docket No. 63** is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[25] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[26]

Dated: June 5, 2012.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[22] *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

[23] *Schlup*, 513 U.S. at 324-27 (emphasis added).

[24] *Id.* at 328; *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) (citing *Schlup*).

[25] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[26] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.